UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO BREAKMAN, ) | 3:10-CV-0633-ECR (VPC) |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| MICHAEL KOEHN, ) | |
| Defendant. ) | |
| _____ ) | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for summary judgment (#35). No opposition was filed. The court has thoroughly reviewed the record and recommends that defendant's motion for summary judgment (#35) be denied.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is no genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

The Court in *Orr v. Bank of America* pointed out that:

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988). Authentication is a "condition precedent" to admissibility, and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. P. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobol v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.,* 896 F.2d 1542, 1550-51 (9th Cir. 1987); *Beyene*, 854 F.2d at 1182; *Canada v.*

*Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976).

*Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).

Here, defendant submitted extensive exhibits along with the motion. These exhibits contain medical records as evidence which are referred to by the defendant throughout the motion. To date, the court has not received authentication of any document attached to the motion. Defendant's evidentiary deficiencies in support of the motion for summary judgment also preclude the court from addressing the merits of defendant's qualified immunity defense.

Therefore, it is recommended that the defendant's motion for summary judgment be denied for failure to submit admissible evidence.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendant's summary judgment motion (#35) be **DENIED.**

**IT IS SO ORDERED.**

DATED: December 8, 2011.

_____
UNITED STATES MAGISTRATE JUDGE